IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARVIN COLLIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-906-M-BN |
| | § | |
| CITIMORTGAGE, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. Defendant has filed a Motion to Dismiss for Failure to State a Claim. *See* Dkt. No. 5. Plaintiff has filed a response, *see* Dkt. No. 10, and Defendant has filed a reply, *see* Dkt. No. 11. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Motion to Dismiss should be granted.

**Background**

Plaintiff Marvin Collier signed a Promissory Note with Principal Mutual Life Insurance Company ("PMLI") for $79,825.00 in August 1993. *See* Dkt. No. 1-2 at 3. The Note is secured by a Deed of Trust attached to property owned by Plaintiff in DeSoto, Texas (the "Property"). *See id.* at 2-4.

Prior to this lawsuit, Plaintiff sought loan assistance and "requested that Defendant [CitiMortgage, Inc. ("CMI")] assist him in obtaining approval for a loan

modification to reduce the payments." Dkt. No. 1-2 at 5. Defendant agreed to review the loan for a modification and instructed Plaintiff to not make payments "as then the workout numbers would not be accurate." *Id*. Plaintiff alleges that Defendant has given him the "run-around" by losing documents and failing to notify Plaintiff of "why the loan modification has not been approved or denied." *Id*.

On February 7, 2014, Plaintiff received correspondence from Defendant informing him of Defendant's plan to foreclose on the Property and sell it on March 4, 2014. *See* Dkt. No. 7-4 at 3. Plaintiff alleges that he relied on Defendant's representation that the loan modification was under review but that "Defendant still intends to foreclose on Plaintiff's house." Dkt. No. 1-2 at 6.

On February 27, 2014, Plaintiff brought this case in the 162nd District Court, Dallas County, Texas, asserting claims of (1) lack of standing to foreclose, (2) common-law fraud, and (3) breach of contract. *See id*. at 7-9. Plaintiff sought injunctive relief to prevent the foreclosure as well as statutory, compensatory, and exemplary damages, costs, and attorneys fees. *See id*. at 11-12. On February 28, 2014, the state court entered a temporary restraining order and set the application for a temporary injunction for hearing. *See* Dkt. No. 1-3 at 7.

Defendant timely removed the case to federal court on the basis of diversity jurisdiction, *see* Dkt. No. 1 at 1, and then filed a motion to dismiss for failure to state a claim, *see* Dkt. No. 5.

Defendant asserts that Plaintiff's claims for lack of standing and common-law

fraud fail as a matter of law because Defendant can prove that it is the lawful holder of the Note and Deed of Trust. *See* Dkt. No. 6 at 9-10. Defendant further asserts that Plaintiff's claims for breach of contract fail as a matter of law because Plaintiff failed to perform his part of the loan agreement, the alleged contract for a loan modification review lacks consideration and is barred by the statute of frauds, and there is no duty of good faith and fair dealing between a lender and a borrower. *See id.* at 13-19.

The undersigned now concludes that the motion to dismiss should be granted.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). "The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim." *Hicks v. Green Tree Servicing, LLC*, 3:13-CV-3025-L, 2014 WL 961856 (N.D. Tex. Mar. 12, 2014) (citing *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004)).

To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See Katrina*, 495 F.3d at 205. Documents "'attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the Fifth

Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

**Analysis**

I.  Plaintiff's lack of standing and common-law fraud claims should be dismissed.

Plaintiff's lack of standing and common-law fraud claims are based on allegations that Defendant is not the holder of the Note and Deed of Trust pertaining to Plaintiff's Property. Plaintiff alleges that there is "ambiguity over who the holder of the note is," Dkt. No. 1-2 at 3,5, and that the Dallas County public record "does not show any assignment, transfer, or conveyance of the Deed of Trust to the Defendant,"

*id*. at 4.

In its Motion to Dismiss, Defendant contends that it is the lawful holder of the Note and Deed of Trust. Defendant claims that PMLI previously assigned the Deed of Trust to Principal Residential Mortgage, Inc. ("PRM"). *See* Dkt. No. 6 at 9. Defendant attempts to prove this by providing documentation showing the assignment of the Deed of Trust from PMLI to PRM. *See* Dkt. No. 7-3 at 2. The Assignment is public record, as it was filed with the County Clerk in Dallas County, Texas, on July 14, 1994. *See id*. at 3.

Defendant further contends that PRM merged into CitiMortgage, Inc. in 2004. *See* Dkt. No. 6 at 9. Defendant attempts to prove this with "Articles of Merger of Principal Residential Mortgage, Inc. and Principle Wholesale Mortgage, Inc. into CitiMortgage, Inc." Dkt. No. 7-2 at 2. The Articles of Merger are not a matter of public record.

The Court can take judicial notice of the Assignment, *see Norris*, 500 F.3d at 461 n.9, but the Articles of Merger can only be properly considered if they are "referred to in the plaintiff's complaint and are central to [his] claim," *Collins*, 224 F.3d at 498-99. Because the Articles of Merger were not referred to in Plaintiff's complaint and are not central to his claim, the Court cannot consider the document.

But, in his Response and Brief in Opposition to Defendant's Motion to Dismiss, Plaintiff states that he "did not have access to any assignment of record that would evidence a transfer of ownership of the Deed of Trust to Defendant or a merger

between PRM and Defendant." Dkt. No. 10 at 3. He further avers that, "[u]pon receipt of same, Plaintiff will amend his complaint to dismiss this [lack of standing] cause of action against Defendant." *See id.* Plaintiff then states that, "upon receipt of requested documentation in paragraph 9 [referring to the Articles of Merger and Assignment], Plaintiff will amend his complaint to dismiss this [common-law fraud] cause of action against Defendant." *See id.* Plaintiff does not otherwise respond to Defendant's motion to dismiss these claims.

Plaintiff has now received both the Articles of Merger and Assignment, as they are attached to Defendant's Motion to Dismiss. *See* Dkt. No. 7-2; Dkt. No. 7-3. The undersigned construes Plaintiff's statements as a voluntary motion to dismiss and recommends that, in the interest of judicial economy, Plaintiff's lack of standing and common-law fraud claims should be dismissed with prejudice.

II.    Plaintiff's breach of contract claims should be dismissed.

Plaintiff's breach of contract claims are (1) that Defendant breached the Deed of Trust by not giving Plaintiff an opportunity to cure and reinstate his loan; (2) that Defendant entered into and then breached a contract requiring Defendant to provide a loan modification review; and (3) that Defendant breached the duty of good faith by deliberately accelerating the Note and continuing to require Plaintiff to perform his portion of the contract.

Under Texas law, the elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *See Smith Intern., Inc.*

*v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

    A.    Plaintiff's breach of the Deed of Trust claim should be dismissed.

Plaintiff claims that Defendant breached the Deed of Trust by not giving Plaintiff "the right to cure and reinstate his note." Dkt. No. 1-2 at 9. Defendant argues that there was no breach because Plaintiff failed to perform his part of the contract by defaulting on his loan payments. Defendant seeks to prove Plaintiff's failure to perform by offering Plaintiff's bankruptcy records, *see* Dkt. No. 7-5 at 7, which Plaintiff does not dispute. The bankruptcy records show that Plaintiff filed for Chapter 13 Bankruptcy in 2010 and that Plaintiff claimed that there was a secured claim of $79,825.00 on his property in DeSoto, Texas. *See* Dkt. No. 7-5 at 2, 7. More importantly, for purposes of Defendant's Rule 12(b)(6) motion, Plaintiff does not allege that he made any payments to reinstate the loan but only alleges his ability to make "modified monthly payments." Dkt. No. 6 at 13-14.

In his Reply, Plaintiff relies on *Gupta v. E. Idaho Tumor Inst., Inc.*, 140 S.W.3d 747 (Tex. App. – Houston [14th Dist.] 2004), to claim that Defendant "cannot hide behind Plaintiff's breach as an excuse for nonperformance." Dkt. No. 10 at 7. Plaintiff claims that Defendant wrongfully "continued to require Plaintiff to perform under the contract" and that Defendant "has come to court with unclean hands by its unconscionable practices of debt collection." *Id*. In *Gupta*, Gupta was attempting to avoid enforcement of a contract with the Eastern Idaho Tumor Institute, Inc. ("EITI") by claiming that EITI's prior breaches of the contract excused Gupta from his

obligations. *See Gupta*, 140 S.W.3d at 757. Gupta was not allowed to avoid the contract's enforcement because "treating a contract as continuing, after a breach, deprives the non-breaching party of any excuse for terminating their own performance." *Id*. at 757.

In this case, Plaintiff has not alleged any facts to support a conclusion that Defendant has materially breached the agreement. The Deed of Trust gives the lender the right to require immediate payment in full of all sums owed if the borrower defaults by failing to pay any monthly payment. *See* Dkt. No. 11-1 at 4. The Court can take judicial notice of the Deed of Trust, as it is a matter of public record. *See Norris*, 500 F.3d at 461 n.9. Plaintiff's performance of the contract is not excused because Defendant treats the contract as continuing in order to foreclose on the property.

Because, even taking Plaintiff's allegations as true, Plaintiff has failed to perform by defaulting on his loan and making no payments to reinstate the loan, the breach of Deed of Trust cause of action fails to state a claim on which relief can be granted and should be dismissed with prejudice.

B.   Plaintiff's breach of a loan modification review claim should be dismissed.

Plaintiff claims that "Defendant offered and Plaintiff accepted a loan modification review," Dkt. No. 1-2 at 9, and that Defendant breached this newly created contract by not providing Plaintiff a loan modification review, *see id*. Defendant claims that there was no breach of contract because there was never a valid contract requiring Defendant to provide the loan modification review. *See* Dkt. No. 6 at 15.

Defendant argues that the alleged contract is invalid because it lacks consideration and is barred by the statute of frauds. *See id.*

Texas law requires consideration for a valid contract. *See Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 408-09 (Tex. 1997). Defendant argues that it received no consideration from Plaintiff for the alleged promise to review the loan for modification. Plaintiff counters this by arguing that he tendered performance of applying for a loan modification and relied on Defendant's representations to his detriment, causing him to suffer damage to his reputation and credit.

Under Texas Law, a "loan agreement in which the amount involved exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." TEX. BUS. & COM. CODE § 26.02(b). The term "loan agreement" includes any promise or agreement where a financial institution "loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation." *Id.* § 26.02(a)(2). "An agreement to modify a loan ... is subject to the statute of frauds." *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 581 (N.D. Tex. 2013).

Defendant argues that the alleged agreement to review the $79,825.00 loan for modification was subject to the statute of frauds and that, because the alleged agreement was not in writing, no valid contract exists for a loan modification review. Plaintiff counters that the consideration and statute of frauds requirements can be avoided through promissory estoppel.

Promissory estoppel can overcome the statute of frauds requirement where there is "a promise to sign a written contract which had been prepared and which would satisfy the requirements of the statute of frauds." *Martins v. BAC Home Loans, Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). Plaintiff's promissory estoppel claim fails as a matter of law because Plaintiff does not even allege that the alleged agreement was put in writing or that Defendant promised to put the alleged agreement into writing. *See Milton v. U.S. Bank, N.A.*, 508 Fed. App'x 326, 329 (5th Cir. 2013). Failure to allege that Defendants promised to sign a prepared document that comports with Texas's statute of frauds is a proper basis for dismissal on a Rule 12(b)(6) motion. *See Johnson v. Wells Fargo Bank, NA*, No. 3:13-cv-1793-M, 2014 WL 717191, at *5 (citing *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) and *Hernandez v. U.S. Bank, N.A.*, No. 3:13-cv-2164-0, 2013 WL 6840022, at *7 (N.D. Tex. Dec. 27, 2013)).

Because Plaintiff has failed to plead facts showing the existence of a valid contract requiring Defendant to provide a loan modification review, the breach of a loan modification review cause of action fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

C. Plaintiff's breach of the duty of good faith claim should be dismissed.

Plaintiff additionally alleges that Defendant breached the duty of good faith and fair dealing by purposely delaying and misleading Plaintiff and by deliberately accelerating the Note. *See* Dkt. No. 1-2 at 9-10. Defendant argues that there was no

breach of contract because there is no duty of good faith between borrowers and lenders. *See* Dkt. No. 6 at 17-18.

Under Texas law, a claim for breach of the duty of good faith is a tort action that arises from a contract. *See Cole v. Hall*, 864 S.W.2d 563, 568 (Tex. App.–Dallas 1993, writ dism'd w.o.j.). "A duty of good faith and fair dealing does not exist in all contractual contexts." *Dawkins v. Chase Bank, N.A.*, 3:13-cv-1308-M-BN, 2013 WL 4494527, at *4 (N.D. Tex. Aug. 22, 2013) (citing *Great Am. Ins. Co. v. N. Austin Mun. Utility Dist. No. 1*, 908 S.W.2d 415, 418 (Tex. 1995)). Ordinarily, there is no duty of good faith in lender/lendee relationships. *See Levels v. Merlino*, 969 F. Supp. 2d 704, 717 (N.D. Tex. 2013) (citing *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App.–San Antonio 1998, no pet.). However, a duty of good faith and fair dealing does arise when there is a "special relationship marked by shared trust or an imbalance of bargaining power." *See Coleman v. Bank of Am., N.A.*, 3:11-cv-430-G-BD, 2011 WL 2516169, at *1 (N.D. Tex. May 27, 2011) (internal quotations omitted). Absent this special relationship, there is no independent tort for breaching a duty of good faith. *See Cole*, 864 S.W.2d at 568. Courts have consistently concluded that there is no special relationship between mortgagor and mortgagee under Texas law that imposes an independent common-law duty of good faith and fair dealing. *See Levels*, 969 F. Supp. 2d at 717.

There are a few cases where courts have acknowledged that certain actions that show "substantial, active participation" of the mortgagee might evidence a special

relationship and give rise to a duty of good faith and fair dealing. *Levels*, 969 F. Supp. 2d at 718. But Plaintiff alleges no facts to support the existence of a special relationship between the parties. Plaintiff only pleads the legal conclusion that "Defendant had an implied duty of good faith and fair dealing ... because of the imbalance of bargaining power." Dkt. No. 1-2 at 10. Courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678. Nowhere does Plaintiff allege facts that support the existence of active participation on behalf of Defendant that could plausibly give rise to the duty of good faith and fair dealing.

Because Plaintiff has failed to plead facts showing the breach of a duty recognized by law, the breach of the duty of good faith cause of action fails to state a claim upon which relief can be granted and should be dismissed without prejudice.

III.     Plaintiff's application for injunctive relief should be dismissed.

Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action. *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010). Because the undersigned concludes that none of Plaintiff's claims can withstand dismissal, Plaintiff's request for injunctive relief cannot survive and should be dismissed without prejudice. *See Johnson*, 2014 WL 717191, at *12-*13.

**Recommendation**

The Court should grant Defendant's motion to dismiss [Dkt. No. 5] with prejudice as to Plaintiff's claims based on: (1) Defendant's lack of standing to foreclose;

(2) common-law fraud insofar as it is based on Defendant's lack of authority to carry out actions against Plaintiff; (3) breach of contract based upon Defendant's breach of the Deed of Trust; and (4) breach of contract based on Defendant's breach of a loan modification review. The Court should grant Defendant's motion to dismiss without prejudice as to (1) Plaintiff's claim for Defendant's breach of the duty of good faith and fair dealing and (2) Plaintiff's request for injunctive relief. The Court should grant Plaintiff 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint as to those claims that should be dismissed without prejudice and should order that, if Plaintiff fails to do so, the case will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: July 31, 2014

                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE